LOURIE, Circuit Judge,
dissenting.
I respectfully dissent.
*1333 Everyone familiar with patent litigation knows that ITC proceedings are considered “litigation.” However, our job is to construe a particular provision of a license agreement by determining the intentions of the parties to that agreement. I conclude that ITC proceedings were not intended to be within the scope of the venue provision at issue.
Because ITC litigation is part of the patent world, as the majority clearly agrees, I believe that if the parties had intended that ITC proceedings be part of this paragraph, they would have so stated. I believe the limitation to California was intended to mean California, and not Texas or Delaware. The indication of California is a geographic limitation, not one indicating the type of forum. It did not state that litigation should be in a district court, rather than at the ITC.
Moreover, the provision relates to disputes “in connection with the agreement.” Disputes in connection with a license agreement are most often disputes about the scope of licensed subject matter, amount of royalty due, term of agreement, cross-licensing, the meaning of other provisions, etc., rather than concerning the validity or infringement of the patent. The whole point of a license is not to exclude, as a patent does, but to legitimize the licensee under the patent. While obviously disputes can arise concerning validity and infringement, I believe that the language indicates that the parties meant questions most likely to arise under the contract, i.e., those that can be resolved by invoking California contract law. License agreements are construed under state law, in which case the particular venue might matter, thus supporting the idea that the parties intended one state as the venue, not another state. Moreover, the parties could not have intended that California law would govern the question of whether or not ITC proceedings are litigation, as California law has nothing relevant to offer on that issue.
In addition, enjoining Tessera, even though it would not enjoin the Commission, would potentially impede and complicate the Commission’s opportunity to pursue its own statutory duty to investigate possible violations of the Tariff Act. Any subpoena issued to Tessera would create a conflict with the district court’s injunction. Such conflicts are to be abhorred and avoided if at all possible. Although it was pointed out at oral argument that Tessera could still prosecute its complaint against Sharp, any district court injunction would not be binding against TI. Thus, we might have the situation in which both parties to this appeal are in the ITC action, with TI having the opportunity to assist Sharp in its attack on Tessera’s patent, but Tessera would have one hand tied behind its back, not being able to proceed against TI. That likelihood does not argue for the resolution adopted by the majority. Practicality supports affirmance.
Finally, we review a denial of an injunction on an abuse of discretion standard. Although contract interpretation is a question of law, I believe some reluctance should still exist in overthrowing a district court’s denial of the injunction. I do not believe the facts of this case and the language of this contract justify reversal of the trial court.